IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                OPINION AND ORDER

      Plaintiff,

                13-cr-126-bbc

  v.

TIMMY J. REICHLING,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Timmy J. Reichling moved to suppress the evidence obtained from him as a result of the execution of two search warrant issued by a state court. In a Report and Recommendation entered on February 28, 2014, United States Magistrate Judge Stephen L. Crocker recommended denial of defendant's motion on the ground that the applications for the warrants were sufficiently detailed to allow a reasonably prudent person to believe that evidence of child pornography would be found in defendant's residence. He concluded that it was reasonable for the state court judge to grant the applications because it is common knowledge that evidence of pornography would be likely to be found in the items and devices listed in the search warrant, such as computers, cell phones, laptops, tablets, etc. Therefore, it was unnecessary for the applicant to spell out in the application why it was probable that material sent from a cell phone would make its way to one of these devices.

In reaching his conclusion, the magistrate judge relied on the court of appeals'

1

opinion in United States v. Seiver, 692 F.3d 774 (7th Cir. 2012). Seiver concerned child pornography as well, but the question raised in that case was whether, after seven months, the information in the warrant was too stale to be reliable. In deciding that it was not, the court of appeals relied on its own understanding of computers and the near impossibility of ever deleting material from a computer once it has been downloaded. "The concern with 'staleness' versus freshness and 'collecting' versus destroying reflects a misunderstanding of computer technology." Id. at 776.

"Staleness" is not an issue in this case, but Siever is still relevant because it endorses the concept that judges may rely on common knowledge about computers in reviewing the adequacy of a search warrant. Defendant argues that the warrant in this case was invalid because it did not explain why a photograph sent from a cell phone might be located on one or more of the devices listed in the warrant. For example, he argues that there was no "clear implication" in the warrant that the allegedly pornographic photographs were sent via Facebook, when the applicant stated explicitly that they were sent via cell phone. If he is arguing that those two things are mutually exclusive, he has not been paying attention to the world around him.

Would it have been better had the applicant for the warrants spelled out exactly why the technology the warrant was to cover would be apt to include pornographic pictures of the victim? Of course. (The magistrate judge included in his report a sample paragraph that would have made it impossible for defendant to challenge this aspect of the warrant. Rep. & Rec., dkt. #23, at 7 (quoting warrant challenged in United States v. Carroll, 2013 WL

2

<mark>937832 (S.D. Ind. 2013)).</mark> Do the warrants fail because they assumed that the state court judge would know that digital photographs sent on cell phones might be found on desktops, laptops, electronic storage devices, tablets, etc?  No.  The assumption was a reasonable one.  The information is common knowledge, even for those judges who tend to trail their own children and grandchildren in technological knowledge and dexterity.

Defendant raised a number of other issues before the magistrate judge, but he has not renewed them in this objection to the magistrate judge's report and recommendation, so I will not take them up.  The government filed one objection, which can be disregarded as well because it is directed to the magistrate judge's conclusion that the government's fallback position lacks merit.  Because I agree with the magistrate judge's determination that the applications for the two search warrants were adequate, it does not matter whether, as the government argues, the magistrate judge is wrong about the availability to the government of a good faith defense under United States v. Leon, 468 U.S. 897 (1984).

ORDER

IT IS ORDERED that defendant Timmy J. Reichling's objections, dkt. #26, to the United States Magistrate Judge's report and recommendation are DENIED, as is his motion to suppress evidence discovered during the August 22, 2013 execution of two search warrants, dkt. #10.  FURTHER, IT IS ORDERED that plaintiff United States of America's

3

objection, dkt. #25, to a portion of the report and recommendation is DENIED as moot.

Entered this 20th day of March, 2014.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge